UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

James R. Duncan,                                   Civil No. 12-1947 (JRT/FLN)

               Plaintiff,
    v.                                          **REPORT & RECOMMENDATION**

Craig Gregory &
People Serving People,

               Defendants.

_____

James R. Duncan, pro se.
David Gray Waytz, Krista A.P. Hatcher, & Richard A. Ross for Defendants.
_____

**THIS MATTER** came before the undersigned United States Magistrate Judge on April 5, 2013 on Defendants' motion to dismiss (ECF No. 11). The matter was referred to the undersigned for a report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. Counsel for Defendants appeared at the hearing. The plaintiff did not.[1] For the reasons that follow, it is **HEREBY RECOMMENDED** that Defendants' motion to dismiss (ECF No. 11) be **GRANTED** and the case be **DISMISSED WITH PREJUDICE**.

                      **I.   BACKGROUND**[2]

---

[1] On February 12, 2013, Defendants served the plaintiff with a copy of their motion papers and notice of the hearing on this motion. *See* ECF Nos. 19 & 20. At around 10:10am on the day of the hearing, the Court called the telephone number the plaintiff provided in his initial complaint. The number is not in service.

[2] In reviewing a motion to dismiss under Rule 12(b)(6), the Court accepts the plaintiff's factual allegations as true. *U.S. v. Bame*, 778 F.Supp.2d 988, 991 (D.Minn. 2011). The Court may also consider matters that are part of the public record as well as materials that are "necessarily embraced by the pleadings."

The plaintiff, James R. Duncan, is a 70 year old, African-American man who was briefly employed as a "maintenance intern" by the defendant People Serving People, a homeless shelter in downtown Minneapolis. Plaintiff worked as a maintenance intern from August 9 to September 24, 2010. Between the time he was hired and the time he was fired, Plaintiff was assigned a variety of tasks—some of which he enjoyed, some of which he did not. *See generally* Compl. at 5–9. On September 24, his supervisor—Defendant Craig Gregory—handed him a separation notice that stated, "[T]he maintenance program did [not] meet the needs of the student; and the student did not meet the needs of the program."

On October 12, 2010, Plaintiff filed a charge of discrimination with the U.S. Equal Employment Opportunity Commission. Waytz Decl., Ex. A, ECF No. 14. He alleged in his charge that he had been terminated on the basis of his age and race in violation of the Age Discrimination in Employment Act and Title VII of the Civil Rights Act of 1964. The charge listed the Minnesota and Minneapolis Departments of Human Rights as the relevant state and local agencies.[3]

After an investigation, the Minneapolis Commission on Civil Rights dismissed Plaintiff's charge as meritless. Waytz Decl., Ex. C, ECF No. 14. Duncan appealed, and the Commission affirmed the dismissal on February 7, 2012. *Id.*, Ex. D. In its order denying his appeal, the Commission informed him that he had 45 days to file a lawsuit appealing its decision. *Id.* at 3.

On May 1, 2012, the EEOC terminated Duncan's charge and informed him by letter that he had 90 days from his receipt of the notice to file a lawsuit appealing its decision. *Id.*, Ex. E.

---

*Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999).

[3] The EEOC cross-files charges with state and local agencies under work-sharing agreements. *See* Minn. R. 5000.0400, subp. 2a.

Plaintiff filed an unsigned complaint on August 9, 2012. After reviewing his application to proceed *in forma pauperis*, the Court issued an order directing the plaintiff to file a signed complaint within 30 days or his case would be dismissed for failure to comply with Rule 11. The order also identified other deficiencies in the original complaint, such as its failure to allege whether the plaintiff had exhausted his administrative remedies and its failure to provide a "short and plain statement" of his claims in serially numbered paragraphs as required by Rules 8 and 10. ECF No. 5. The plaintiff subsequently filed an amended complaint that included his signature and a short handwritten paragraph entitled "relief sought." The U.S. Marshals served the defendants with a copy of the original, unsigned complaint on January 25, 2013. ECF No. 9.

Defendants now move to dismiss pursuant to Rule 12(b)(6).

## II. ANALYSIS

### A. Standard

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). A claim is plausible on its face if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although a pro se pleading is to be liberally construed, the complaint still must "allege sufficient facts to support the claims advanced." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

### B. The plaintiff's claims are time-barred.

The plaintiff had 45 days from February 7 to appeal the Minneapolis Commission on Civil Right's denial of his charge of discrimination. Minneapolis City Ord. § 141.60(a); Waytz Decl. Ex. D at 3, ECF No. 14. He had 90 days from May 1 to appeal the EEOC's order

affirming the dismissal of his charge on the merits. 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e); Waytz Decl. Ex. E, ECF No. 14. The Court will add an additional three days to the plaintiff's filing deadline to account for his receipt of these notices by mail. Fed. R. Civ. P. 6(d); *Tran v. Minn. Dep't of Trans.*, 2006 WL 2917037 at *2 (D.Minn. Oct. 11, 2006) ("When the date of receipt is unknown, the court presumes the notice was received three days after mailing."). He therefore had until March 26, 2012 to appeal the Minneapolis Commission's decision and until August 2, 2012 to appeal the EEOC's decision. He filed his unsigned complaint on August 9, 2012. His claims are time-barred.

### C. The complaint fails to allege elements essential to each of the claims.

A claim for discrimination on the basis of race or age is analyzed under the framework provided by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 800–05 (1975). Under this framework, the plaintiff must first establish a prima facie case of discrimination. *Humphries v. Pulaski Cnty. Special Sch. Dist.*, 580 F.3d 688, 692 (8th Cir. 2009). In other words, he must show that (1) he is a member of a protected class, (2) he met his employer's legitimate job expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees outside the protected class(es) were treated differently. *Id.* If the plaintiff makes such a showing, the burden then shifts to the defendants to establish "a legitimate nondiscriminatory reason for taking the allegedly discriminatory action." *Id.* at 692–93. The burden then shifts back to the plaintiff to show that the reason offered is a pretext for discrimination. *Id.* at 693.

The plaintiff has failed to allege sufficient facts upon which the Court could conclude that he was meeting his employer's legitimate job expectations or that similarly situated employees outside the protected classes were treated differently. His claims therefore fail to

state a claim upon which relief could be granted. The defendants' motion to dismiss pursuant to Rule 12(b)(6) must be granted.

### D. The complaint does not comply with Rule 8(a)(2) or Rule 10(b).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see Reinholdson v. Minnesota*, 2002 WL 32658480 at *2 (D. Minn. Nov. 21, 2002) (Mason, Magistrate J.) ("Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage.") (quoting 5 Wright and Miller, *Federal Practice and Procedure*, § 1281). The paragraphs in the complaint must also contain serially numbered paragraphs. Fed. R. Civ. P. 10(b). The plaintiff's complaint does not comply with either rule. It must be dismissed.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings, herein, it is **HEREBY RECOMMENDED** that:

1. Defendants' motion to dismiss (ECF No. 11) should be **GRANTED**;
2. The case should be **DISMISSED WITH PREJUDICE**;
3. The Court should enter judgment accordingly.


DATED: May 3, 2013　　　　　　　　　　　　*s/ Franklin L. Noel*
　　　　　　　　　　　　　　　　　　　　　FRANKLIN L. NOEL
　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

Pursuant to the Local Rules, any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties, on or before **May 20, 2013**, written objections that specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting

party's brief within fourteen (14) days after service thereof. All briefs filed under the rules shall be limited to 3,500 words. A judge shall make a de novo determination of those portions to which objection is made.

Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed by **May 20, 2013,** a complete transcript of the hearing.

This Report and Recommendation does not constitute an order or judgment of the District Court, and it is, therefore, not appealable to the Circuit Court of Appeals.